E-FILED
Friday, 01 March, 2013  03:54:08 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEFAN HICKS-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-1480 |
| | ) | |
| STATE OF ILLINOIS, PEORIA COUNTY | ) | |
| COURT, JASON S. SPANHOOK, and | ) | |
| MICHAEL S. JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

On February 12, 2013, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case.  Plaintiff has filed a timely Objection, and this Order follows.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge.  Suffice it to say that Plaintiff has brought this litigation alleging that Defendants somehow violated his constitutional rights. In seeking leave to proceed In Forma Pauperis, the Magistrate Judge noted various deficiencies and directed Plaintiff to provide specific additional information.  Rather than providing this information, Plaintiff responded by filing a second application to proceed without prepayment that was essentially identical to the first filing. Plaintiff was again ordered to supplement his application by providing specified addition information and was advised that failure to comply with the Order could result in dismissal of this action for want of prosecution.  Plaintiff responded with an Affidavit of Financial Statement that did not address the questions as directed, and the Magistrate Judge issued a Report & Recommendation recommending the dismissal of this action for want of prosecution.

Plaintiff responded with a document "Affidavit of Fact/Objection of R. Report," that refers to two separate pending matters and cites his perceived rights as a Moorish National Aboriginal, Indigenous Natural Person but again completely fails to provide the information necessary to adequately consider his requests to proceed without prepayment.

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

However, given Plaintiff's repeated refusal to provide the necessary information to supplement his Applications to Proceed In Forma Pauperis, the Court cannot get anywhere close to a review of the merits of this action. He has been given repeated chances to comply with simple instructions but has consistently failed to do so. The Court therefore concurs with the Magistrate Judge's discussion and recommendation that this action be dismissed for failure to prosecute and comply with the orders of the Court. Accordingly, the Court now adopts the Report & Recommendation [6] of the Magistrate Judge in its entirety. The Complaint is DISMISSED and all pending motions are MOOT.

ENTERED this 1st day of March, 2013.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge